NO. 07-02-0305-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 22, 2002

_____

IN RE HIGHLAND HEALTH SYSTEMS, INC.

D/B/A HIGHLAND MEDICAL CENTER, RELATOR

_____

**ON PETITION FOR WRIT OF MANDAMUS**

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this original proceeding, relator Highland Health Systems, Inc. d/b/a Highland Medical Center, seeks a writ of mandamus to compel the Honorable Mackey K. Hancock, Judge of the 99th District Court of Lubbock County, to vacate his alleged rulings requiring (1) that designations and objections to deposition notice of a corporate representative be filed with the court, and (2) that a corporate representative testify fully to all topics noticed, when no other representative can testify to topics already addressed by the chief executive officer. Based upon the rationale expressed herein, the petition for writ of mandamus must be denied.

Following surgery and hospitalization at Highland in October 1998, Dawn Carmichael, real party in interest, brought suit in cause number 2001-513,515 in the 99th District Court of Lubbock County, Texas against David Hall, M.D.,[1] and Highland seeking damages for personal injuries resulting from the surgery. As is common in original proceedings, the record presented is not as complete as a record after a trial on the merits. From the record, it appears the deposition of Highland's corporate representative was cancelled by Highland several times. On April 5, 2002, after hearing real party's motion to compel the deposition of the corporate representative, the trial court signed an order directing the deposition be taken on April 19, 2002, and that Highland pay $1,000 to compensate real party for attorney's fees incurred in the preparation and presentation of the motion. In response, Highland produced its former chief executive officer for deposition on April 19, 2002.[2] Minutes before the deposition, Highland served the real party with its objections and designation. During the deposition, Highland's designated representative admitted he did little if any preparation, and he provided incomplete answers about subject matter for which he had been designated by Highland as its representative. On May 13, real party filed a motion to show cause and for sanctions. On June 28, 2002, the motion to show cause and for sanctions was heard and granted, albeit without a written order.

---

[1]In this proceeding, relator seeks no relief as to David Hall, M.D. and he has not appeared in this mandamus proceeding.

[2]The deposed witness was not an employee or representative of Highland Medical Center at the time he gave his deposition.

By its two issues, Highland requests that we decide the following:

Issue No. 1: Did the Court Abuse its Discretion by Determining the Law Requires Designation and Objections to Deposition Notice of A Corporate Representative must be Filed with the Court, Failure to Do So waives the Designation and Objections and Constitutes Sanctionable Conduct?

Issue No. 2: Did the Court Abuse its Discretion by Requiring a Corporate Representative to Testify Fully to All Topics Noticed, when No Other Representative Can Testify to Topics Already Addressed by the CEO, No Representative Can Address Certain Topics, and Other Topics Require Disclosure of Attorney Client and Medical Peer Review Privileged Information for Which No Waiver Exists?

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). With respect to factual matters committed to a trial court's discretion, the appellate court may not substitute its judgment for that of the trial court. *Id.* However, a review of a trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. In our analysis, we must "focus on the record that was before the court and whether the decision was not only arbitrary but also amounted to 'a clear and prejudicial error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998) (orig. proceeding).

By its petition for mandamus, Highland does not challenge the trial court's order signed April 5, 2002, by which the court ordered the deposition of Highland's corporate

3

representative be taken on April 19, 2002, per the amended notice dated January 9, 2002, and ordering that Highland pay $1,000 in attorney's fees.  Instead, Highland directs its complaint to the trial court's announcements on the reporter's record at the June 28, 2002 hearing on real party's motion to show cause and for sanctions.  During oral argument, counsel for Highland announced she was complaining about the trial court's announcements appearing on pages 46 and 47 of the reporter's record,[3] which was filed after Highland's petition.  However, no rulings appear on page 46 and as material here, the trial court's findings on pages 47 and 48 are summarized as follows:

- • The Court found that Highland had engaged in a course of conduct which was designed to circumvent this Court's rulings and designed to delay discovery–meaningful discovery and obfuscate essential information.
- • The filing of proposed objections in draft format, and then filing of the objections the day before the hearing, was an attempt to further delay meaningful discovery.

The court declined to rule on the issue of peer review information "at this point," and orally stated its order into the reporter's record:

1.  That the deposition of a corporate representative or representatives will be conducted on or before close of business Friday, July 12;

2.  That Highland pay the cost of the videographer and the court reporter; and

3.  That Highland pay $2,500 sanctions for its actions.

---

[3]Not available at the time the petition for mandamus was filed.

4

Following these announcements and rulings, the trial court concluded:

> I want to make sure everyone understands. I'm making no ruling reference the position taken by Highland's attorney on the peer review reference some of the issues regarding Dr. Hall's privileges.

In addition, the trial court considered the question of responses to a request for production dated April 17, 2002. Again, the trial court declined to make any ruling on that matter stating that it needed to read the cases and documents that had been produced.

By its two issues, Highland does not complain of the findings, orders, or sanctions imposed at the June 28, 2002 hearing or the order signed April 5, 2002, directing that the deposition of Highland's representative be taken. Accordingly, we conclude the petition does not demonstrate a clear abuse of discretion by the trial court. *Walker*, 827 S.W.2d at 837-39. Moreover, with respect to the fact determinations that (1) Highland had engaged in a course of conduct which was designed to circumvent the rulings and to delay discovery, and (2) the presentation of objections the day before the hearing was an attempt to delay meaningful discovery, we are not permitted to substitute our judgment for that of the trial court. *In re Bristol-Meyers Squibb Co.*, 979 S.W.2d at 605. Accordingly, Highland's petition for writ of mandamus is denied. Further, this Court's order dated July 9, 2002, is withdrawn and Highland's motion to enforce the temporary order of stay is denied.

Don H. Reavis
Justice

Do not publish.

5